EDWARD B. GELLER, ESQ., P.C.
15 Landing Way
Bronx, New York 10464
Tel: (914)473-6783

March 27, 2019

Hon. Kenneth Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: Case No.7:19-cv-00469
   Mark Harvey Rephen v. Batel Abikzer et.al.

Dear Judge Karas:

I represent Plaintiff Mark Harvey Rephen in the above matter, and am writing in response to Defendants Batel Abikzer and Falcon Thrive Corp.'s letter to the Court dated March 25, 2019 requesting a Pre-Motion and Discovery Conference. Defendants anticipate filing a motion to dismiss or stay this action. Defendants are also objecting to a subpoena which Plaintiff has served upon Falcon Thrive Corp's bank account at First Republic Bank.

## I. Factual Background

On or about August 14, 2018, Plaintiff and Defendant Falcon Thrive Corp. LLP entered into a Confidential Participation Agreement, a copy of which is annexed hereto as Exhibit A. Under the terms of this Agreement, Plaintiff provided $50,000.00 in investment capital to Falcon Thrive Corp, which Abikzer was to actively manage and invest in buying undervalued jewelry to be resold at true value or above value. Plaintiff reserved the right to withdraw his $50,000.00 investment upon demand, with Falcon Thrive Corp. to forward the funds as directed within a weeks time. Mr. Rephen was also to have online banking access to the funds along with a debit card for the account the funds were placed in.

Abikzer fraudulently converted and stole Plaintiff's money for herself. As a result thereof, Plaintiff commenced this action.

## II. Arbitration Clause

Defendants argue that because the Confidential Participation Agreement contains an

arbitration clause, requiring that "any disputes between the parties arising out of this Agreement shall be resolved through binding arbitration, only", this matter must be dismissed or stayed pending the arbitration of the underlying claims. However, Defendants are overlooking the fact that the Agreement is only between Mr .Rephen and Falcon Thrive Corp LLP. As such, the arbitration clause should only be applied as to Falcon Thrive Corp., and not to Abikzer.

### III. Motion to Quash Subpoena

Defendants next argue that the subpoena served upon First Republic Bank (incorrectly named as First National Bank in Defendants' letter) was "overbroad." That is an incorrect and misleading allegation. Mr. Rephen wire transferred $50,000.00 to Abikzer on August 17, 2018. On August 28, 2018, Abikzer transferred $21,000.00 to Falcon Thrive Corp.'s First Republic Bank. There is no dispute that Falcon Thrive Corp. was fully controlled by Abikzer. In September of 2018 Plaintiff asked Defendants for the remaining balance in his account to be returned to him. Although the Agreement required such funds to be returned within one week, Mr. Rephen did not receive the funds he requested until some time in November 2018. Mr. Rephen believed that Abikzer was possibly using the monies in his account for her own purposes. The subpoena which was issued to First Republic Bank sought to find out what Falcon Thrive Corp did with Plaintiff's funds. The subpoena was only for the time period from which the bank received Plaintiff's funds from Abikzer. It was not overbroad, and under the circumstances herein was reasonable. Plaintiff just wants to know what use the Defendants made of his money, and whether it was used for purposes other than those detailed in the Agreement between the parties. Under the Agreement Plaintiff was to have online banking access to the funds, which he was not provided with.

Based upon the foregoing, there is no basis or justification for Defendants to be permitted to file their requested motion. Plaintiff's action should be allowed to continue without Defendants' attempts to delay the proceedings.

Very truly yours,

Edward B. Geller, Esq.

EXHIBIT "A"

# CONFIDENTIAL PARTICIPATION AGREEMENT

THIS AGREEMENT (the "Agreement"), is dated August 14th 2018, by and between Falcon Thrive Corp LLP ( Batel Abikzer), with offices located 99 Wall Street, Suite 1048, New York, New York 10005 ("Falcon"), and Mark Harvey Rephen with offices located at 708 3rd Ave 6th fl NY NY 10017.

WHEREAS, Mark Harvey Rephen shall provide $50,000 in investment capital, and Batel Abikzer shall actively manage and invest the $50,000 in investments such as buying undervalued jewelry to be resold at true value or above value, Mark Harvey Rephen reserved the right to withdraw his investment of $50,000 upon demand, with Flacon thrive Corp forwarding the funds as directed within a week's time. Mark Harvey Rephen shall have on line banking access to the funds and shall receive a debit card for that account:

WHEREAS, Batel shall use the connections at her disposal to buy and sell jewelry and other items from either distressed sellers needing quick funds or undervalued jewelry and other items that will be resold approximately within a week or two for a profit at either the true value or a higher value than true value.

WHEREAS, Batel can utilize third party persons or brokers to facilitate such transactions.

IT IS HEREBY AGREED by and between the parties:

1. **Profit Earned**. All profit above cost of purchase, that is earned shall be divided equally at one third for Mark Harvey Rephen, one third for Batel Abikzer, and one third for the third party broker (which can be one person or more), with each party earning from Transactions consummated on or after the date of this Agreement.

2. **Accounting of Placement Fees**. Each party shall provide to the other all relevant information concerning the nature of each Participation Transaction that the party is conducting with all persons involved. Before approval of all transactions Batel Abikzer shall inform Mark Harvey Rephen of the terms and conditions of each proposed transaction and obtain his approval before buying or selling any items. Batel Abikzer shall do due diligence by having the true value of each item checked by professional tradesman or expert, and that tradesman or shall then determine the items true value and its potential resale value. Batel Abikzer and the "Broker" shall then attempt to sell the item at true value or above true value.

3. **Confidentiality and Non-Circumvention**. The parties understand that they may each provide to the other names of third parties and other information which may be confidential. The parties further acknowledge that this Agreement is confidential except insofar as limited disclosures are necessary by either party for Falcon to undertake a Participation Transaction. Each party and, as applicable, that party's respective officers, directors and employees understand and agree that they will keep the names of such third parties and other information confidential during the existence of this Agreement. Neither party and, as applicable, that party's respective officers, directors or employees will circumvent the other by dealing directly

...th a person that one party has introduced to the other or otherwise without the specific written consent of the party who provided the introduction to that person. Confidential information shall not include information which is readily available to the public or which comes to a party through a third party who is not under a confidential restriction to provide such information. This confidentiality and non-circumvention provision shall continue for a period of two (2) years following date on which the last Participation Transaction is entered into pursuant to this Agreement.

5. <u>Representations and Warranties</u>. Each party represents and warrants and covenants to the other: (a) if a business entity, that it is duly organized, validly existing and in good standing under the laws of its jurisdiction of formation with all requisite power and authority to enter into this Agreement, to perform its obligations hereunder and to conduct the business of the Joint Venture; (b) this Agreement constitutes the legal, valid and binding obligation of such party enforceable in accordance with its terms; (c) no consents or approvals are required from any governmental authority or other third party for it to enter into this Agreement; (d) all action necessary for the authorization, execution and delivery of this Agreement and the consummation of the transactions have been duly taken by the party; (e) the execution and delivery of this Agreement and the consummation of the transactions contemplated by this Agreement do not conflict with or contravene the provisions of its organizational documents or any agreement or instrument by which the party or its properties or assets are bound or any law, rule, regulation, order or decree to which it or its properties or assets are subject; and (f) the party has been afforded the opportunity to seek and rely upon the advice of its own attorneys, accountants or other professional advisors in connection with the execution of this Agreement.

6. <u>Assignment</u>. Neither party shall sell, assign or in any manner transfer its interests in this Agreement without first obtaining the consent of the other party, which consent shall not be unreasonably withheld. This Agreement shall inure to the benefit of, and be binding upon the parties hereto, their successors, trustees, assigns, receivers, and legal representatives, but shall not inure to the benefit of any other person, firm or corporation.

7. <u>Governing Law, Notices and Service of Process, Arbitration as Sole Forum</u>. This Agreement shall be governed by the laws of the State of New York without giving effect to conflicts of laws rules. Notices and service of process may be made by certified mail, return receipt requested, directed to the respective party at the address provided in this Agreement, in addition to any other manner permitted by law. Any disputes between the parties arising out of this Agreement shall be resolved through binding arbitration, only, using the American Arbitration Association or JAMS. Such arbitration shall be governed by the substantive laws of the State of New York, and New York County, which shall be the sole and exclusive venue for such arbitration, and such arbitration shall be the sole and exclusive forum for the parties to resolve any dispute arising out of this Agreement.

8. <u>Survival</u>. All agreements, representations and warranties and covenants contained or made in writing by or on behalf of the parties in connection with a Participation Transaction shall survive the execution of this Agreement and the consummation of the relevant Participation Transaction.

2

9. **Merger and Integration.** This Agreement represents the entire agreement between parties relating to the matters contemplated by this Agreement and supersedes any and all or agreements, understandings, representations and statements between the parties, whether oral or written, and whether by a party or a party's legal counsel or other representative.

10. **Severability.** If any term, provision, covenant or restriction of this Agreement is held by the tribunal of competent jurisdiction to be invalid, void or unenforceable, then the remainder of the terms, provisions, covenants and restrictions of this Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated so long as the economic or legal substance of the transactions contemplated by this Agreement is not affected in any manner that is materially adverse to either party. In the event it is determined that the application of the preceding portion of this paragraph will have a material adverse effect on either one of or both parties, then the parties shall negotiate in good faith to modify this Agreement so as to effectuate the original intent of the parties as closely as possible in an acceptable manner in order that the transactions contemplated by this Agreement are consummated as originally contemplated to the fullest extent possible.

11. **No Presumption Against Draftsman.** The parties acknowledge that they each participated in drafting this Agreement and that there shall be no presumption against either party on the ground that such party was responsible for preparing this Agreement or any part of it.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day set forth above.

FALCON THRIVE CORP LLP

By _____
Name:       Batel Abikzer
Position:   Managing Member


[                                    ]

By _____
Name:       Mark Harvey Rephen
Position:   Investor

3



# Bank of America

**Your checking account**

BATEL ABIKZER | Account # ▓▓▓▓▓ | August 9, 2018 to September 5, 2018

## Deposits and other additions

| Date | Description | Amount |
|---|---|---|
| 08/17/18 | WIRE TYPE:WIRE IN DATE: 180817 TIME:1505 ET TRN:2018081700344823 SEQ:180817095020AM74/003017 ORIG:MARK HARVEY REPHEN ID:80003289238 SND BK:FIRS T REPUBLIC BANK ID:321081669 | 50,000.00 |

**Total deposits and other additions**

## Withdrawals and other subtractions

| Date | Description | Amount |
|---|---|---|
| 08/28/18 | WIRE TYPE:WIRE OUT DATE:180828 TIME:1349 ET TRN:2018082800331975 SERVICE REF:008834 BNF:FALCON THRIVE CORP ID:80007023692 BNF BK:FIRST REPUBLIC BANK ID:321081669 PMT DET:240298074 | -21,000.00 |

**Total withdrawals and other subtractions**

---



### Experience the arts for free

**Get one free general admission** when you show your Bank of America® card and a photo ID at more than 200 cultural institutions on the first full weekend of every month.

Visit bankofamerica.com/ArtsOnUs to learn more and find a participating location near you.

**Bank of America**

LIFE / BETTER CONNECTED

SSM-06-18-0072 C | ARB4YMCM