

Leo Shalit, Esq.

April 16, 2019

Hon. Kenneth Karas
United States District Court
Southern District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: Rephen v. Abikzer, *et al*
Case: 7:19-cv-00469

Dear Hon. Karas,

In compliance with Court's Order dated April 9, 2019, Defendants' respond to Plaintiff's Opposition as follows:

The Arbitration Clause in question makes clear that "any disputes arising out of this Agreement shall be resolved through binding arbitration only." [Plaintiff Papers Page 5, Paragraph 7]. In fact, the Contract states that "arbitation shall be governed by the substantive laws of the State of New York, and New York County, which shall be the sole and exclusive venue for such arbitration, and **such arbitration shall be the sole and exclusive forum for the parties to resolve any dispute arising out of this Agreement.**" *Id.*

The legal determination of whether the Arbitration Clause applies to Batel Abikzer, in an individual capacity, is properly resolved in arbitration because it too involves a legal question arising out of the subject Contract. Thus, it is governed by the Arbitration

---

Leo Shalit, Esq.     565 Plandome Road, Suite 9    Manhasset, New York 11030     646.957.0009



Leo Shalit, Esq.

Clause. Furthermore, the entire case should be determined in one proceeding to assist the Trier of Fact and to conserve resources. The Arbitration Clause was a material term of the Contract and "represents the entire agreement between the parties related to maters contemplated by this Agreement." [Plaintiff Papers Page 6, Paragraph 9]. Arbitration is the proper forum for this matter.

The Subpoena should be quashed because Plaintiff is not entitled to discovery through this action because it is filed in the wrong venue. All issues concerning this dispute, including the scope of discovery, if any, must be resolved in Arbitration.

The subpoena is over broad because it seeks **all** bank statements in the name of Defendant Falcon. Use of the term "all" shows no effort to restrict the subpoena to the pertinent records from the pertinent time period. There is no basis alleged for unrestricted bank records and Plaintiff's claim for fraud does not allow him to expand the scope of relevance. The subpoenas should quashed or modified, as determined by the Court.

Furthermore, the Complaint [and Supplemental Complaint] allege various causes of action, including Breach of Contract and Fraud. The causes of action are all based on Defendants' alleged failure to honor the terms of the Contract. The Fraud claims should not survive because the Complaint fails to state specific facts to supporting claims for



Leo Shalit, Esq.

fraudulent intent. *See Coppola v. Applied Electric Corp, 732 NYS 402 (1st Dept. 2011)* (Plaintiff's fraud claim, based on the allegation the Defendant…harbored the undisclosed intention from the outset to never comply with the parties' agreement, was properly dismissed as merely duplicative of his breach of contract cause of action.) Plaintiff's claim for Fraud is further deficient as it is based purely on conclusory allegations. Thus, Plaintiff fails to meet their obligation of pleading fraud with specificity. *Monaco v. New York University Medical Center, 623 NYS2d 568 (1st Dept. 1995); See also CPLR 3016(b)*.

The remaining causes of action should be dismissed as they allege no independent facts sufficient to give rise to tort liability, and are nothing more than a restatement of the prior breach of contract claim. *See Stone Commercial Brokerage, Inc v. Organicd Inc, 2004 WL 5109715 (NY County Supreme 2004)*.

Defendants requests an In-Person and Discovery Conference at a time and date convenient for the Court.

Yours truly,

Leo Shalit, Esq.